**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. McKENZI TAYLOR, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-140-TCK-FHM |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| 1. PACIFIC SOUTHWEST PROPERTIES, LP., d/b/a RIVERBEND MHC, a foreign limited partnership, | ) ) ) | ATTORNEY'S LIEN CLAIMED FOR THE FIRM |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, McKenzi Taylor ("Plaintiff"), through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.*, and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for Race and/or National Origin discrimination committed by the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Bixby, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Bixby, Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on December 19, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff on December 22, 2017.

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

**OPERATIVE FACTS**

10. Plaintiff was hired by Defendant to work at Riverbend Mobile Home Community ("Riverbend MHC"), as a Marketing / Sales employee in August of 2017.

11. On August 11, 2017, Plaintiff was terminated by Angela Martin, Manager. When Plaintiff inquired into the termination, Ms. Martin advised Plaintiff that Ray Farris, the owner of the

facility, had instructed Ms. Martin to fire Plaintiff because she was unable to speak Spanish. Mr. Farris further informed Ms. Martin that he was taking his properties in a different direction and would be replacing Caucasian employees with Hispanic employees in the future.

12. Mr. Farris has implemented a practice at all of his properties which requires the termination of any Caucasian employees and their replacement with Hispanic employees. This practice has resulted in the termination of most, if not all, Caucasian employees employed in the offices at Mr. Farris' various mobile home communities in Oklahoma.

13. Plaintiff offered to immediately enroll in Spanish classes, but Mr. Farris insisted that Ms. Martin terminate Plaintiff's employment.

14. The ability to speak Spanish was never listed as an essential duty of Plaintiff's position. In point of fact, Plaintiff's marketing and sales duties did not require the ability to speak Spanish.

15. Plaintiff believes that she was discriminated against on the basis of her race and/or National Origin, to wit, Caucasian, in violation of Title VII of the Civil Rights Act of 1964.

## **FIRST CLAIM**
**(Race / National Origin Discrimination in Violation of Title VII)**

16. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

17. That Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* from termination on the basis of her race and/or National Origin;

18. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her race, to wit: Caucasian, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

19. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her race, to wit: Caucasian, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

20. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

21. That the conduct complained of constitutes illegal race and/or National Origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By:  *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
*Attorney for Plaintiff*

4

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Mckenzi D. Taylor
12926 E. 161st St.
Bixby, OK 74008

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-00075 | K. Kelly, Investigator | (405) 231-4353 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[X] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____    December 19, 2017
Holly Waldron Cole,                  (Date Mailed)
Area Office Director

recieved Decemb 22nd, 20

Enclosures(s)

cc: Ray Farris
HR Director
WESTIND ENTERPRISES
1515 The Alameda #200
San Jose, CA 95126

**EXHIBIT A.**

Taylor002